UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
SL CAPITAL REO, LLC,

            Plaintiff,

      - against -

PETER BLAKE; CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD; CITY
OF NEW YORK DEPARTMENT OF FINANCE
PARKING VIOLATIONS BUREAU; NEW
YORK CITY TRANSIT ADJUDICATION
BUREAU; BLAKE'S INTERNATIONAL
RESTAURANT CORP.; LINVAL REID;
LORRAINE MAYNARD; and CATHIA
YACINTHE,

            Defendants.
------------------------------------------------------------ X

**DECISION AND ORDER**

16-cv-1600 (AMD)(VMS)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 05 2018 ★

BROOKLYN OFFICE

**ANN DONNELLY,** District Judge.

On April 1, 2016, the plaintiff, SL Capital REO, LLC, commenced this action against the defendants, Peter Blake, City of New York Environmental Control Board ("ECB"), City of New York Department of Finance Parking Violations Bureau ("PVB"), New York City Transit Adjudication Bureau ("TAB"), Blake's International Restaurant Corp. ("Blake's Int'l"), Linval Reid ("Reid"), Lorraine Maynard ("Maynard") and Cathia Yacinthe ("Yacinthe") to foreclose a mortgage encumbering property located at 4311 Church Ave, Brooklyn, New York 11203 (the "Property"). (ECF Nos. 1, 49.) Despite proper service of the summons and complaint, defendants ECB, PVB, TAB, Blake's Intl, Reid, Maynard, and Yacinthe (collectively, the "Non-Answering Defendants") did not answer or defend against this action. The plaintiff now moves for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil procedure against the Non-Answering Defendants. (ECF No. 63.) In addition, the plaintiff moves to enforce the

1

parties' February 13, 2017 Settlement Stipulation and Standstill Agreement ("Settlement Agreement") by which the defendant Peter Blake consented to a judgment of foreclosure if he failed to pay the plaintiff the settlement sum before the payoff date. (ECF Nos. 71, 75.)

On December 6, 2017, Magistrate Judge Vera M. Scanlon recommended that I grant the plaintiff's motion for default judgment and motion to enforce the Settlement Agreement. (ECF No. 76.) Judge Scanlon ordered the defendants to file any objections to the Report and Recommendation by December 20, 2017. To date, none of the defendants have objected to Judge Scanlon's Report and Recommendation within the time prescribed by 28 U.S.C. § 636(b)(1). On January 2, 2018, the plaintiff and the defendant Peter Blake stipulated to a dismissal of the case, rendering the plaintiff's motion to enforce the February 13, 2017 Settlement Stipulation and Standstill Agreement moot. (Dkt. No. 78.)

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the magistrate judge's recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

I have reviewed Judge Scanlon's thorough and well-reasoned opinion and find no error. Accordingly, I adopt Judge Scanlon's report and grant the plaintiff's motion for default judgment against the Non-Answering Defendants [63]. In light of the fact that the defendant Peter Blake was terminated from this action on January 2, 2018, the Clerk of the Court is directed to terminate the plaintiff's motion to enforce the Settlement Agreement [71] and the related motions [64] and [66] as moot. The Clerk of the Court is also directed to comply with the

instructions set forth in the conclusion of Judge Scanlon's Report and Recommendation, and "bar and foreclose the City of New York Environmental Control Board; City of New York Department of Finance Parking Violations Bureau; New York City Transit Adjudication Bureau; Blake's International Restaurant Corp.; Linval Reid; Lorraine Maynard; and Cathia Yacinthe from all right, title, claim, interest, lien and equity of redemption in the mortgaged premises." (ECF No. 76, at 20.)

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                              Ann M. Donnelly
                                              United States District Judge

Dated: Brooklyn, New York
        January 4, 2017